```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND


SALLY HAEGER                      *
                                  *
v.                                *
                                  *  Civil Action WMN-11-1280
TARGET CORP., et al.              *
                                  *
                                  *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

**MEMORANDUM**

Before the Court is a motion for partial summary judgment, ECF No. 32, filed by Defendant, Target Corporation. The motion has been fully briefed and is ripe for review. For the reasons stated below, the motion will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

This tort action arises from an incident that occurred at a Target store, owned and operated by Defendant in Baltimore County, Maryland. Plaintiff Sally Haeger came to Defendant store with her stepfather for the purposes of shopping for a birthday gift. Haeger Dep. at 59. Plaintiff alleges that prior to entering the store, she approached an employee in the parking lot, later determined to be David Howard, Jr. ("Mr. Howard").[1] Allegedly, Mr. Howard was pushing a line of carts when Plaintiff asked if he could provide her with one. According to Plaintiff, Mr. Howard responded that she needed to obtain a cart from

---

[1] David Howard, Jr. is not a party in this action.

inside the store.  She alleges that Mr. Howard appeared "agitated" and made physical gestures with his body, which indicated to her that he did not want to take the time to take apart the carts he was pushing to provide her with one. Haeger Dep. at 62.

At this time, Plaintiff entered the store to retrieve a cart from the cart well.[2]  As she retrieved the cart, Mr. Howard pushed carts into the back of the line of carts in the well, causing the entire row to move forward and strike the Plaintiff. Plaintiff alleges that the impact of the carts was significant and that it caused her to bleed and resulted in a herniated disc in her back.  Id. at 63.  Mr. Howard completed a "Team Member Witness Statement" in which he admits to bumping the back of the Plaintiff while he was pushing the carts from the parking lot into the cart well.  He states that he asked her if she was "ok" and apologized to her, before leaving to inform and retrieve a manager.

Plaintiff filed a complaint against Defendant in the Circuit Court for Baltimore County alleging negligence, assault, and battery, and seeking punitive damages.  Defendant removed the case to this Court.  Defendant has filed a Motion for

---

[2] Defendant explains that employees load carts from the parking lot to the cart well from outside the store.  ECF No. 32-1 at n. 2.  The line of carts extends to the interior of the store, where they are retrieved by customers.  Id.

Partial Summary Judgment on the assault and punitive damages claims.  Plaintiff has since voluntarily dismissed the assault claim, so the Court need only consider the punitive damages claim.

**II. LEGAL STANDARD**

For the court to grant a Rule 56 Motion for Summary Judgment, the moving party must show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A motion for summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ."  Celotex Corp. v. Catrett, 447 U.S. 317, 322 (1986).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Id. at 323.

The "standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  "[U]nsupported speculation is not enough to defeat a motion for summary judgment."  Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 817 (4th Cir. 1995).  The nonmoving party must "do

3

more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citing DeLuca v. Atl. Ref. Co., 176 F.2d 421, 423 (2d Cir. 1949)). To determine the materiality of facts, courts must look to substantive law. See Anderson, 477 U.S. at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id.

**III. DISCUSSION**

In support of its motion for partial summary judgment, Defendant claims that there is insufficient evidence of actual malice on the part of Mr. Howard to entitle Plaintiff to punitive damages. In addition, Defendant argues that even if the Court were to find actual malice, Defendant should not be held vicariously liable for Mr. Howard's actions because they would be outside the scope of his employment.

**A. Actual Malice**

To recover punitive damages in the state of Maryland,[3] "the plaintiff must establish by clear and convincing evidence the

---

[3] Federal courts must conform to the choice of law rules prevailing in the forum state in which they sit. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). The state of Maryland follows the rule of lex loci delicti, which requires that a tort action be governed by the substantive law of the state where the wrong occurred. Hauch v. Connor, 453 A.2d 1207, 1209 (Md. 1983). In the case at hand, the tort occurred in the

basis for an award of punitive damages." <u>Owens-Illinois, Inc. v. Zenobia</u>, 601 A.2d 633, 657 (Md. 1992).  This "clear and convincing evidence" standard is applied, regardless of the type of tort.  <u>Id.</u>  "[A]lthough the underlying tort may be proven by a mere preponderance, the evidence supporting the punitive damages claim must be subjected to the more stringent "clear and convincing" standard."  <u>Scott v. Jenkins</u>, 690 A.2d 1000, 1005 (Md. 1997).

The Maryland Court of Appeals has attributed this heightened standard to the "penal nature" of punitive damages and to their "potential for debilitating harm."  <u>Zenobia</u>, 601 A.2d at 657.  "Punitive damages are awarded in an attempt to punish a defendant whose conduct is characterized by evil motive, intent to injure, or fraud, and to warn others contemplating similar conduct of the serious risk of monetary liability."  <u>Ellerin v. Fairfax Sav., F.S.B.</u>, 652 A.2d 1117, 1123 (Md. 1995) (quoting <u>Zenobia</u>, 601 A.2d at 650).  For this reason, "Maryland law has limited the availability of punitive damages to situations in which the defendant's conduct is characterized by knowing and deliberate wrongdoing."  <u>Ellerin</u>, 652 A.2d at 1123.  Therefore, "in order to recover punitive damages in any tort action in the State of Maryland, facts

---

state of Maryland.  ECF No. 2 at ¶ 7.  Therefore, Maryland law governs this case.

5

sufficient to show actual malice must be pleaded and proven by clear and convincing evidence." Scott, 690 A.2d at 1003-4.

"[A]ctual malice 'may be characterized as the performance of an unlawful act, intentionally or wantonly, without legal justification or excuse but with an evil or rancorous motive influenced by hate; the purpose being to deliberately and wilfully injure the plaintiff.'" Henderson v. Md. Nat'l Bank, 366 A.2d 1, 4 (Md. 1976) (quoting Drug Fair v. Smith, 283 A.2d 392, 398 (Md. 1971)). Actual malice "exists if the conduct complained of was performed in such a way. . . to show that it. . . was influenced or motivated by hatred or spite or was performed in order to intentionally or deliberate[ly] injure or cause damage or loss to another person." Market Tavern Inc. v. Bowen, 610 A.2d 295, 301 (Md. Ct. Spec. App. 1992) (as cited in the jury instructions upheld by the court). Malice is "seldom admitted" and can be "inferred from acts and circumstantial evidence." Henderson, 366 A.2d at 4 (quoting McClung-Logan v. Thomas, 172 A.2d 494, 500 (Md. 1961)).

In the case at hand, Mr. Howard does not admit to acting with actual malice or the intent to injure Plaintiff. According to a witness statement by one of Defendant's employees, Mr. Howard had stated that the incident was an "accident." Kappel Dep. at 11. Therefore, the question is whether there is

"sufficient circumstantial evidence of actual malice to warrant submission of the issue to the jury." Henderson, 366 A.2d at 5.

In her Opposition, Plaintiff outlined seven points, intended to establish that Mr. Howard acted intentionally and with actual malice:

- Howard refused Haeger's reasonable request for a cart. **EXHIBIT A**, 60-63.
- Howard was inexplicably rude towards Haeger. Id.
- Howard became visibly agitated by Haeger's request for a cart. Id.
- Moments after he became visibly agitated by Haeger's request for a cart, Howard struck Haeger in the back with a line of carts. Id.
- The impact of the cart was significant, causing Haeger to bleed and suffer a herniated disc. Id.; **EXHIBIT D**.
- Howard refuses to answer questions under oath regarding his conduct and intent towards Haeger. **EXHIBIT E**.
- No admissible evidence has been presented that Howard's view of Haeger was obstructed.

ECF No. 33 at 5. The Defendant argues that these seven statements are insufficient to establish that Mr. Howard acted with actual malice.

In applying the clear and convincing standard to this case, the Court agrees that there is not sufficient circumstantial evidence that Mr. Howard acted with an "evil or rancorous motive influenced by hate." See Henderson, 366 A.2d at 4. With the first four statements, Plaintiff attempts to argue that because Mr. Howard appeared agitated or rude, there is clear and convincing evidence that he acted with malice to injure

Plaintiff. This fact, alone, is not clear and convincing evidence of actual malice. Additionally, the last three statements are simply observations that do not strengthen Plaintiff's argument. That the Plaintiff suffered significant injuries, that Mr. Howard hasn't answered questions about the incident, and that there has been no admissible evidence of an obstructed view are not circumstantial evidence that Mr. Howard acted with actual malice. Without more substantial clear and convincing evidence of actual malice, significantly beyond the preponderance standard necessary to establish liability for the tort, it is doubtful that Plaintiff may be entitled to punitive damages.

   **B. Vicarious Liability**

In the state of Maryland, an employer may be held vicariously liable for "an employee's tortious acts" if they "were within the scope of his employment." Sawyer v. Humphries, 587 A.2d 467, 470 (Md. 1991). The general test for determining if an employee acted within the scope of his employment "is whether [the employee's actions] were in furtherance of the employer's business and were 'authorized' by the employer." Id. Actions that are "authorized" by the employer need not be "expressly conferred" and can be "authorized" if "the act was such as was incident to the performance of the duties entrusted to him by the master, even though in opposition to his express

and positive orders." Id. (quoting Hopkins Chem. Co. v. Read Drug & Chem. Co. of Balt. City, 92 A. 478, 479-80 (Md. 1914)); see also Market Tavern Inc., 610 A.2d at 304 (citing to Embrey v. Holly, 442 A.2d 966, 970 (Md. 1982), as holding that "an employer may be held vicariously liable for punitive damages for the willful torts of an employee committed in the scope of employment even where the employer does not authorize, participate in, or ratify the employee's conduct"). Nevertheless, "where an employee's actions are personal . . . [or] where they represent a departure from the purpose of furthering the employer's business . . . even if during normal duty hours and at an authorized locality, the employee's actions are outside the scope of his employment." Sawyer, 587 A.2d at 471.

Plaintiff argues that Mr. Howard acted within the scope of his employment because at the time of the incident Mr. Howard was moving carts from the parking lot into the cart well, as was required of him according to his job responsibilities. Plaintiff first cites to Market Tavern Inc. v. Bowen, a case in which the court held an employer liable when its employee-security guards battered a patron at its bar. 610 A.2d 295 (Md. Ct. Spec. Appl. 1992). The court held that the security guards' actions were within the scope of their employment, as their work duties included activities such as bodily restraining or even

bodily removing patrons, if necessary, to maintain the safety of other patrons. See id. at 311. This case is clearly distinguishable because none of Mr. Howard's explicit job duties involved physically confronting customers.

Plaintiff also points to two cases in which the court held employers liable for the conduct of their employees even though the employees were not employed explicitly as security guards. See Balt. & Ohio R.R. Co. v. Barger, 30 A. 560, 561 (Md. 1894)(holding the railroad employer liable for a conductor's assault of a passenger because while the conductor was not employed as a security guard, as a conductor he was entrusted with the security responsibilities of the train); see also McCrory Stores v. Satchell, 129 A. 348, 351 (Md. 1925) (holding that a manager of a store was acting within the scope of his employment when he detained a customer whom he suspected of shoplifting because while the manager was not hired as a security guard, part of his employment duties included preventing the theft of his employer's goods). Defendant distinguishes these cases from the case at hand in that Mr. Howard was not employed in any type of security capacity, unlike the employees in the cited cases. Defendant notes that, because of their job duties, those employees in the cases cited by Plaintiff were still acting within the scope of their employment when the intentional tortious conduct took place.

10

The Court agrees with Defendant that if Mr. Howard used the shopping carts to maliciously and intentionally injure Plaintiff, he acted outside the scope of his employment. Striking and injuring customers in no way furthers Defendant's business, especially as the customer in question was not herself engaging in any type of dangerous or illegal activity with which Mr. Howard was attempting to interfere when he struck her with the carts. As purposefully and maliciously striking innocent customers with carts was not incident to Mr. Howard's duties, such conduct cannot have been authorized by Defendant, either expressly or as inferred from Mr. Howard's job responsibilities. Therefore, even if actual malice could be clearly proven by Mr. Howard's behavior, Defendant could not be held vicariously liable for his actions which were outside the scope of his employment.

**IV. CONCLUSION**

For the reasons stated above, the Defendant's Motion for Partial Summary Judgment will be GRANTED. A separate order will issue.

```
                    _____/s/_____
                    William M. Nickerson
                    Senior United States District Judge
```

DATED:  July 17, 2012