IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF MARYLAND


SALLY HAEGER                        *
                                    *
v.                                  *
                                    *  Civil Action WMN-11-1280
TARGET CORP., et al.                *
                                    *
                                    *
 *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

                              **MEMORANDUM**

     Before the Court is a Motion to Exclude the Pain Management Opinions of William Launder, M.D., ECF No. 37, filed by Defendant, Target Corporation.  The motion has been fully briefed and is ripe for review.[1]  For the reasons stated below, the motion will be denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

     This is a tort action stemming from an incident that occurred at a Target store, owned and operated by Defendant, in Baltimore County, Maryland.  While retrieving a shopping cart from the cart well, just inside the store's main entrance, Plaintiff, Sally Haeger, was struck from behind by a row of

---

[1] Defendant's reply, ECF No. 44, also contained a motion to strike affidavits attached to Plaintiff's opposition.  The motion to strike was unopposed.  The Court has not relied on the affidavits for the purpose of ruling on Defendant's motion to exclude Dr. Launder's testimony.  Defendant's Motion to Strike is, therefore, moot.  To the extent that Plaintiff seeks to offer the affidavit as evidence at trial, Defendant can note any objections to its admissibility at that time.

shopping carts pushed by David Howard, Jr., an employee of Defendant.

Plaintiff alleges that the impact of the carts was significant and that it caused her to bleed and resulted in a herniated disc in her back.  She filed a complaint against Defendant in the Circuit Court for Baltimore County alleging negligence, assault, and battery, and seeking punitive damages.  Defendant removed the case to this Court.  In July, the Court granted Defendant's Motion for Partial Summary Judgment, which disposed of Plaintiff's claim for punitive damages.[2]  A four-day jury trial is scheduled to start on January 22, 2013.  Defendant has now moved to exclude the opinions of one of Plaintiff's expert witnesses, William Launder, M.D. (Dr. Launder), pursuant to Fed. R. Evid. 702 and case law interpreting that provision, as well as expert testimony from Marc Pushkin, an actuary.  Defendant asserts that Mr. Pushkin's opinion relies on the improper testimony of Dr. Launder.

Dr. Launder is a board-certified orthopaedic surgeon.  He holds a medical degree from Mount Sinai School of Medicine as well as a Master of Science in biomedical engineering from Columbia University.  Dr. Launder has held faculty positions at Mount Sinai and The Johns Hopkins University School of Medicine.

---

[2] In her opposition to Defendant's Motion for Partial Summary Judgment, Plaintiff voluntarily dismissed her assault claim.

2

He currently practices at Maryland Orthopedics, P.A.  Plaintiff designated Dr. Launder as an expert pursuant to Rule 26(a)(2). Specifically, Plaintiff noted that Dr. Launder:

> will testify as to the causal link between the injuries sustained by Haeger when she was struck by a train of shopping carts at Defendant's store on November 8, 2008 and the permanency of said injuries. Dr. Launder will also testify that the medical treatment rendered to Plaintiff was reasonable, necessary and causally related to the November 8, 2008 incident and the future treatment she may need as a result of her accident related injuries.

ECF No. 37-4 (Pl's Expert Disclosures) at 1-2.  Dr. Launder conducted an independent medical evaluation of Plaintiff, ECF No. 37-5 (Dr. Launder's Report), and opined in a written report that Plaintiff's

> injuries of November 8, 2008 caused the surgery of June 11, 2010.  Her impairment limits her ability to work because she cannot stand for long periods of time or sit for long periods of time. . . . [Plaintiff's weight] restrictions are permanent and will last for the rest of her life.  She will require pain management for the rest of her life and I would estimate that the cost of that management can be extrapolated from the cost of her last 12 months of pain medication.

Dr. Launder's Report at 3.

**II. LEGAL STANDARD**

Federal Rule of Evidence 702 provides:[3]

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
- (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
- (b) the testimony is based on sufficient facts or data;
- (c) the testimony is the product of reliable principles and methods; and
- (d) the expert has reliably applied the principles and methods to the facts of the case.

"[E]xpert witnesses have the potential to be both 'powerful and quite misleading.'" Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999) (quoting Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 595 (1993)). Therefore, Rule 702 and Rule 104(a) require that the court act as a "gatekeeper" and make an initial determination that a proffered expert is qualified and that his testimony is both relevant and reliable. See Fireman's Fund Ins. Co. v. Tecumseh Products Co., 767 F. Supp. 2d 549, 553 (D. Md. 2011); Kumho Tire Co. v. Charmicael, 526 U.S. 137, 147 (1999) (citing Daubert, 509 U.S. at 589). In performing its gatekeeping function, the court enjoys broad

---

[3] In its Memorandum, Defendant quotes Rule 702 prior to the restyling of the Federal Rules of Evidence in December 2011. ECF No. 37-1 (Def's Mem.) at 16. The changes made during the restyling were not intended to be substantive. See Advisory Committee Notes to 2011 Amendments. Nonetheless, the Court believes it best to operate from the most accurate and up to date text of the rule.

discretion.  Kumho Tire Co., 526 U.S. at 142; Cooper v. Smith & Nephew, Inc., 259 F.2d 194, 199-200 (4th Cir. 2001); Shreve v. Sears, Roebuck & Co., 166 F. Supp. 2d 378, 391 (D. Md. 2001). Despite this heightened role, the focus of the court's inquiry should not be the proffered expert's conclusions.  See Daubert, 509 U.S. at 594-95; see also Westberry, 178 F.3d at 261 (the court "need not determine that the expert testimony a litigant seeks to offer into evidence is irrefutable or certainly correct").  Rather, expert testimony, like other forms of admissible evidence should be tested by "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." Westberry, 178 F.3d at 261 (quoting Daubert, 509 U.S at 596) (internal quotations omitted).

**III. DISCUSSION**

Defendant moves to exclude Dr. Launder's opinions relating to Plaintiff's past and future care on the grounds that (1) he is unqualified to testify to matters relating to Plaintiff's pain and pain management, and (2) his opinions are unreliable. The motion will be denied on both grounds.[4]

---

[4] Because the Court is denying Defendant's motion as it relates to Dr. Launder's opinions, it is also denied with respect to the evidence that Defendant argues relies on those opinions.

**A. Dr. Launder's Qualifications**

Defendant asserts that Dr. Launder should not be permitted to testify that "Plaintiff's past, present, and future pain management treatment is causally related to the incident at Target,"[5] Def's Mem. at 1, because Dr. Launder (1) is not trained in the field of pain management or physical medicine and rehabilitation, and (2) would not feel comfortable treating a patient who abuses pain medication in the manner that Defendant asserts Plaintiff does.  Def's Mem. at 10-16.  Its argument hinges on its assumption that Plaintiff is a substance abuser. See Def's Mem. at 5-10. This is evident in Defendant's definition of the issue in this case as "whether, in light of her anxiety, depression, alcohol abuse, cocaine abuse, and prescription drug abuse, Ms. Haeger's pain management treatment, to include a lifetime supply of the medications that she repeatedly abuses, is caused by the incident at Target to a reasonable degree of medical probability."  ECF No. 44 (Def's Reply) at 4.

---

[5] The Court understands Dr. Launder's opinion to be narrower than Defendant presents it here.  Specifically, the Court believes Dr. Launder's opinion to be simply that the November 8, 2008, incident caused Plaintiff to undergo surgery on June 11, 2010, that Plaintiff "will require pain management for the rest of her life" and that he estimates that that cost going forward can be "extrapolated from the cost of her last 12 months of pain medication." Dr. Launder's Report at 3.

6

In evaluating a proffered expert's qualifications, "[t]he trial court ha[s] to decide whether this particular expert ha[s] sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case." Kumho Tire Co., 526 U.S. at 156 (internal quotations omitted). The requirement that an expert have specialized knowledge should not be read too narrowly. See, e.g., Belk Inc. v. Meyer Corp., 679 F.3d 146, 162 (4th Cir. 2012) (finding expert was qualified despite lack of experience designing specific type of consumer surveys at issue). An imperfect fit between the expert's knowledge and experience and the issues before the court impacts the weight given to the expert's testimony, not its admissibility. Shreve, 166 F. Supp. 2d at 392-93 (citing Wheeler v. John Deere Co., 935 F.2d 1090, 1101 (10th Cir. 1991)).

The Court declines to follow Defendant's lead in narrowing the issue in the case or concluding that Plaintiff is an individual with a substance abuse problem despite the substantial evidence which would support such a finding. To the extent that Defendant believes there is some discrepancy between Dr. Launder's knowledge and experience and the issues, which impacts the credibility of Dr. Launder's opinions, they are matters of weight. Defendant may argue them to the jury, but they do not impact the admissibility his opinions. See Shreve,

166 F. Supp. 2d at 392-93. Defendant's request to find that Dr. Launder is unqualified will, therefore, be denied.[6]

**B. The Reliability of Dr. Launder's Opinions**

Defendant argues that Dr. Launder's opinions are unreliable and should be excluded under Rule 702, Daubert, and Westberry because Dr. Launder failed to consider Plaintiff's substance abuse as a potential cause of her pain and pain management regimen. Def's Mem. at 3 ("Because Dr. Launder has not ruled out all of the potential causes of Plaintiff's pain, his pain management opinions are unreliable under Daubert.") & 16-22. Defendant reads Westberry to include an absolute requirement that Dr. Launder have considered substance abuse as a potential cause of Plaintiff's pain. This, however, goes too far and is counter to the express guidance of the court in Westberry, which noted:

> [A] medical expert's causation conclusion should not be excluded because he or she has failed to rule out every possible alternative cause of a plaintiff's illness. The alternative causes suggested by a defendant affect the weight that the jury should give the expert's testimony and not the admissibility of that testimony, unless the expert can offer no explanation for why she has concluded an alternative

---

[6] The Court's denial of Defendant's motion on the issue of qualification is not a finding that Dr. Launder is qualified. Plaintiff must establish, by a preponderance of the evidence, that her proffered experts are qualified. See Daubert, 509 U.S. at 593 n.10. The Court finds that Plaintiff has not yet satisfied that burden. As such, Plaintiff will be required to voir dire her experts, including Dr. Launder, at trial.

8

> cause offered by the opposing party was not the sole cause.

<u>Westberry</u>, 178 F.3d at 265 (internal quotations and citations omitted); <u>see also</u> <u>Daubert</u>, 509 U.S. at 596.  Here, it is obvious that Plaintiff and Defendant have different theories about the cause of Plaintiff's pain and need for pain management in the future – Plaintiff alleges that it was the November 8, 2008, incident while Defendant argues it is substance abuse by Plaintiff.  Moreover, contrary to Defendant's assertion, <u>see</u> Def's Mem. at 18-22, the Court finds that Dr. Launder did provide an explanation for why substance abuse was not the cause of Plaintiff's pain and its impact on her need for future pain management.  <u>See, e.g.</u>, Launder Dep. at 29 (explaining that Plaintiff should not be denied treatment based on abuse problems) & 80-81 (noting that effect of substance abuse can be distinguished from effect of incident at Target and that substance abuse makes chronic medication "more difficult," but is not a basis for denying Plaintiff medication entirely).  The fact that the parties dispute the cause of Plaintiff's pain, by itself, does not provide a basis for excluding Dr. Launder's opinions.  Defendant's request that Dr. Launder's opinions be excluded because they are unreliable will, therefore, be denied.

**IV. CONCLUSION**

For the reasons stated above, Defendant's Motion to Exclude the Pain Management Opinions of William Launder, M.D. will be DENIED.  A separate order will issue.


                                        /s/
                              William M. Nickerson
                              Senior United States District Judge


DATED:   December 12, 2012